THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN D. VULETICH,

        Petitioner,

  v.

CAROLYN W. COLVIN,

        Respondent.

CASE NO. C12-1572 RAJ

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") (Dkt. # 20) of the Honorable Brian A. Tsuchida, United States Magistrate Judge, along with Petitioner's objections (Dkt. # 21) to the R&R. The R&R recommends that the court reverse and remand the decision of an administrative law judge ("ALJ") to the Social Security Administration ("SSA") for further proceedings. The court has considered the objections, respondent Carolyn Colvin's response, the briefs the parties submitted to Judge Tsuchida, and the Administrative Record ("AR"). For the reasons stated below, the court adopts the R&R in part, sustains Petitioner's objections in part, and REMANDS this matter to the SSA for proceedings consistent with this order.

## II. BACKGROUND

In August 2008, Steven Vuletich applied for disability insurance benefits, alleging an onset date of July 28, 2008. AR 21, 148. Petitioner's initial application was denied on February 13, 2009, and was denied on reconsideration on February 24, 2010. AR 68, 80. Mr. Vuletich requested a hearing, which was held on February 25, 2011. AR 36. On March 23, 2011, the ALJ issued a decision denying his claim. AR 18. Mr. Vuletich's administrative appeal of the ALJ's decision was denied by the Appeals Council (AR 1), and he appealed to this court. Judge Tsuchida issued an R&R recommending that this court reverse the ALJ's decision and remand for further administrative proceedings. Dkt. # 20 at 10–11. The R&R recommends affirming the ALJ's findings with regard to Dr. Kovar's opinion and Mr. Vuletich's credibility, but ordering the ALJ to (1) reevaluate the opinions of Drs. Brodt and Bernardez-Fu, (2) reassess Mr. Vuletich's RFC, and (3) readdress steps four and five "as appropriate." *Id.* at 11.

Petitioner objects to the R&R insofar as it recommends affirming the ALJ's decision regarding (1) Dr. Kovar's opinion and (2) Mr. Vuletich's credibility. Dkt. # 21 at 3–5. The court sustains Petitioner's objection with regard to Dr. Kovar, but adopts the R&R with regard to Mr. Vuletich's credibility.

## III. ANALYSIS

### A. Standard of Review

Where "substantial evidence" supports an ALJ's factual finding, the court generally must affirm it. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). With regard to medical opinion testimony, the opinion of a treating physician is given more weight than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The uncontroverted opinion of a treating physician may be rejected only for "clear and convincing" reasons. *Id.* (citation omitted).

If a treating physician's opinion is contradicted by another doctor, an ALJ may reject the treating physician's opinion only if he provides "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

To determine whether an applicant is disabled, an ALJ employs a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). An applicant is disabled if, for a period lasting or expected to last at least twelve months, he can perform neither his past relevant work nor any other substantial gainful activity available in the national economy. In the first step, the applicant must show that he did not engage in substantial gainful activity during a relevant time period. If he did, then he is not disabled. If he did not, then the claimant must show at the second step that he has a "severe impairment" that limits his ability to work. 20 C.F.R. § 404.1520(c). If so, he must show at the third step that over the course of at least a year, his impairment "meets or equals" an impairment listed in applicable regulations. If it does, he is disabled. If not, he must demonstrate at step four that his residual functional capacity ("RFC") is such that he cannot perform his past relevant work. *See* 20 C.F.R. § 404.1520(f) (noting that an applicant who can perform past relevant work is not disabled). If he cannot, then the burden shifts to the SSA to demonstrate that the claimant's RFC permits him to perform other jobs that exist in substantial numbers in the national economy. *See Bray*, 554 F.3d at 1222–23 (describing allocation of burdens in five-step process).

**B. The ALJ Did Not Give Sufficient Reasons for Rejecting Dr. Kovar's Opinion**

Treating physician Dr. Richard Kovar opined that Mr. Vuletich's work function was impaired. AR 324. He opined that Mr. Vuletich could stand for two hours in an eight-hour work day, sit for four hours, lift 25 pounds occasionally, and 20 pounds frequently. AR 324. He opined that Mr. Vuletich had both postural and gross or fine motor skills restrictions. AR 325. Dr. Kovar's opinion included the statements that it is

"hard [for Mr. Vuletich] to stand well due to r[ight] leg pain," and that Mr. Vuletich has "r[ight] hand atrophy" that "limits [r]ight hand fine motor use." Dr. Kovar rendered his opinion on a form provided by the Washington State Department of Social and Health Services, which consisted of a series of check boxes and spaces for explanations. AR 324–25.

The ALJ gave Dr. Kovar's opinion "very little weight" because he found that "there is no objective evidence to support it." AR 28. The ALJ noted that "[i]t is well established that the opinions rendered on check-box or form reports, which do not contain *any* explanation or supporting rational[e] for the conclusions, may be accorded little or no weight." *Id.* (emphasis added). The ALJ also found that "other opinions and the longitudinal history of treatment show that the claimant has greater capabilities." *Id.*

First, the ALJ's statement that "no objective evidence" supports Dr. Kovar's opinion is unsupported. In a medical report dated December 6, 2010, Dr. Kovar noted that Mr. Vuletich "[c]learly has atrophy from radial nerve injury." AR 303–04. Dr. Kovar also cited "[s]table degenerative changes from xray [of right leg] in 2008- deformity noted." AR 304. Thus, the ALJ's rationale for rejecting Dr. Kovar's opinion on the basis of "no objective evidence" is unsupported.

Next, the ALJ failed to consider the fact that Dr. Kovar did include (admittedly brief) explanations and supporting rationale in his opinion. AR 28, 325. Although an ALJ may give less weight to an opinion that is brief, here the ALJ did not acknowledge Dr. Kovar's explanations at all. *See* AR 28. Thus, his rationale for rejecting Dr. Kovar's opinion on the basis of a complete lack of "explanation or supporting rationale" is not supported by the record.

The ALJ also found that "other opinions and the longitudinal history of treatment show that the claimant has greater capabilities." AR 28. The ALJ apparently refers to the opinion of examining physician Dr. Burdick, who found in December 2008 that Mr. Vuletich "is able to perform the full range of medium work." *Id.* While an ALJ may

reject a treating physician's opinion if another doctor's opinion contradicts it, he must provide "specific and legitimate" reasons for doing so. *Lester*, 81 F.3d at 830.  Here, the ALJ did not provide legitimate reasons for rejecting Dr. Kovar's 2010 opinion in favor the 2008 opinion of an examining physician.

Finally, CFR § 404.1527(c)(4) explains that, with regard to evaluating opinion evidence, "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."  This court has adopted the portions of the R&R finding that the ALJ should reevaluate the opinions of Drs. Bernardez-Fu and Brodt.  Thus, in order to properly determine how much weight is to be given to Dr. Kovar's opinion, the ALJ should reconsider the opinion in light of the new record created on remand.

## IV. CONCLUSION

For all the foregoing reasons, the court DECLINES TO ADOPT the R&R to the extent stated in this order, and ADOPTS the R&R in all other respects.  The court REVERSES the ALJ's decision, and REMANDS to the SSA for further consideration and a new decision, with instructions to (1) reevaluate the opinions of Drs. Brodt, Bernardez-Fu, and Kovar; (2) reassess Mr. Vuletich's RFC; and (3) proceed to steps four and five.

The clerk shall deliver a copy of this order to Judge Tsuchida.

Dated this 29th day of July, 2013.

_____

The Honorable Richard A. Jones
United States District Judge